# IN THE COURT OF APPEALS OF IOWA

No. 18-2244
Filed November 6, 2019


IN RE THE MARRIAGE OF AMIT GUPTA
AND MANIKA BANSAL

**Upon the Petition of**
**AMIT GUPTA,**
      Petitioner-Appellant/Cross-Appellee,

**And Concerning**
**MANIKA BANSAL,**
      Respondent-Appellee/Cross-Appellant.

_____


Appeal from the Iowa District Court for Johnson County, Andrew Chappell,

Judge.


Former spouses appeal and cross-appeal a decree of dissolution of

marriage. **AFFIRMED ON BOTH APPEALS.**


Amit Gupta, Los Angeles, California, pro se appellant.

Manika Bansal, New York, New York, pro se appellee.


Considered by Bower, C.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

Former spouses appeal and cross-appeal a decree of dissolution of marriage. The former husband, Amit Gupta, argues the court erred in not setting aside his premarital assets as separate property, not considering the tax consequences to each party in determining the property distribution, and not granting his reservation of tort claims. The former wife, Manika Bansal, argues the court erred in its division of the parties' personal property as well as its valuation of specific assets, not reimbursing her with funds allegedly dissipated by Gupta, declining to award her spousal support, and declining to award her attorney fees. Both parties request an award of appellate attorney fees.

We have conducted a de novo review of this equitable proceeding. Iowa R. App. 6.907; *In re Marriage of Larsen*, 912 N.W.2d 444, 448 (Iowa 2018). While not bound by the district court's factual findings and credibility assessments, Iowa R. App. P. 6.904(3)(g); *In re Marriage of Fennelly*, 737 N.W.2d 97, 100 (Iowa 2007), we have accorded them "great weight," as "the trial court is in a far better position to weigh the credibility of witnesses than the appellate court." *Albert v. Conger*, 886 N.W.2d 877, 880 (Iowa Ct. App. 2016).

We agree with the district court's characterizations of the parties' "scorched-earth" tactics in this litigation, which has been nothing short of "a race to the bottom." Upon our de novo review and consideration of the issues presented, we are unable to say the district court's rulings amount to a failure to do equity; we therefore do not disturb them. *See In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). The issues presented herein involve only the application of well-settled rules of law, the evidence is sufficient to support the district court's factual

findings, disposition on appeal is controlled by prior published appellate opinions, we approve the reasons for and conclusions in the district court's written rulings, and a full opinion would not augment or clarify existing case law. We put this acrimonious matter to bed by affirming without further opinion pursuant to Iowa Court Rule 21.26(1)(a) through (e). The parties' requests for appellate attorney fees are denied. Costs on appeal shall be equally assessed between the parties.

**AFFIRMED ON BOTH APPEALS.**